# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA A. KALP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-1005 |
| ) | Judge Nora Barry Fischer |
| LIFE INSURANCE COMPANY OF ) | |
| NORTH AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

I.  INTRODUCTION

Plaintiff Barbara A. Kalp ("Plaintiff" or "Kalp") brought this ERISA action against Defendant Life Insurance Company of North America ("Defendant" or "LINA") alleging that she was wrongfully denied benefits under a long term disability plan (the "Plan") underwritten and administered by Defendant. (Docket No. 1). Presently before the Court is Plaintiff's Motion to Compel filed on January 16, 2009. (Docket No. 19).

Plaintiff seeks an order compelling Defendant to "provide full and complete answers to Plaintiff's First Set of Interrogatories and Requests for Production of Documents." (Docket No. 20). In her interrogatories and requests for production, Plaintiff requests discovery of certain information beyond the administrative claim file, which has been produced in full by Defendant, arguing that she is entitled to such information because Defendant failed to render a decision on her final appeal and that the evidence is relevant to a determination of whether a conflict of interest exists due to Defendant's dual role in both funding and administering benefits under the Plan. (*Id*. at 1-4). Additionally, Plaintiff seeks more specific responses to certain of Defendant's answers to her

1

interrogatories and identities of "individuals who provided information" to counsel in support of Defendant's answers. (*Id*. at 4-5). Defendant filed its response on January 27, 2009. (Docket No. 21). Defendant contends that Plaintiff's motion should be denied in all respects, arguing that discovery beyond the administrative claim file is unwarranted and that the answers submitted to Plaintiff are sufficient. (Docket No. 22).

II.  DISCUSSION

1.  *Standard of Review in ERISA Denial of Benefits Action*

The parties first dispute the applicable standard of review to be applied by this Court in the resolution of this ERISA action. "ERISA does not specify the standard of review that a trial court should apply in an action for wrongful denial of benefits." *Post v. Harford Ins. Co.*, 501 F.3d 154, 160 (3d Cir. 2007). However, the Supreme Court has held that "a denial of benefits challenge under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Metropolitan Life Insurance v. Glenn*, --- U.S. ---, 128 S.Ct. 2343, 2348 (2008). Thus, when discretionary authority is given to an administrator of a plan, a deferential standard of arbitrary and capriciousness is applied.

It is undisputed that the plan in this case grants Defendant discretionary authority which would typically warrant the deferential standard of review to be applied. However, Plaintiff argues that she is entitled to a heightened standard of review on two separate theories. (Docket No. 20). First, she contends that she is entitled to *de novo* review because Defendant did not render a decision on her final appeal of the denial of her benefits. Second, she asserts that a heightened arbitrary and

capricious standard of review should be applied due to an alleged conflict of interest of Defendant. In response, Defendant maintains that the arbitrary and capricious standard should apply as the circumstances of this case do not warrant the application of a higher standard, citing to the discussion regarding conflicts of interest in the Supreme Court's decision in *Glenn*. (Docket No. 22). With respect to the instant discovery motion, Plaintiff contends that she is entitled to discover the information and documents that she seeks in her motion even if an arbitrary and capricious standard is applied.

      a.      <u>Effect of a Failure to Issue a Decision on Standard of Review</u>

In *Gritzer v. CBS, Inc.*, the United States Court of Appeals for the Third Circuit held that "[w]here a trustee fails to act or to exercise his or her discretion, *de novo* review is appropriate because the trustee has forfeited the privilege to apply his or her discretion; it is the trustee's analysis, not his or her right to use discretion or a mere arbitrary denial, to which a court should defer." *Gritzer v. CBS, Inc.*, 275 F.3d 291, 296 (3d Cir. 2002). District courts have ordered limited discovery in order to determine if *de novo* review under *Gritzer* is applicable. *See Mazaheri v. Prudential Inc. Co.*, Civ. A. No. 06-309, 2007 U.S.Dist.LEXIS 11148, at *2-3 (E.D.Pa. Feb. 15, 2007). However, district courts have interpreted *Gritzer* and its reliance on the Court of Appeals' decision *Moench v. Robertson*, 62 F.3d 553, 567 (3d Cir. 1995) broadly, finding that *de novo* review would be applicable only if the benefit plan at issue was never interpreted by the administrator. *See Olay v. Motion Control Indus.*, Civ. A. No. 05-122, 2007 U.S. Dist. LEXIS 36913, at *36-40 (W.D. Pa. May 17, 2007).

In the instant matter, Plaintiff's position is that as Defendant has not rendered a decision on her final appeal, that she is entitled to a *de novo* review of the record in this case. Defendant has not

directly responded to Plaintiff's argument that it has failed to render a decision on her final appeal. Defendant instead contends that a *de novo* review does not necessarily require the Court to consider evidence outside the administrative record, relying on *Luby v. Teamsters Health, Welfare & Pension Trust Funds*, 944 F.2d 1176, 1185 (3d Cir. 1991). Therefore, the issue of whether *de novo* review is the appropriate standard in this action remains reasonably in dispute.

     b. <u>Effect of a Conflict of Interest on Standard of Review</u>

In *Post v. Harford Ins. Co.*, the United States Court of Appeals for the Third Circuit adopted a sliding scale approach in addressing an alleged conflict of interest raised in the context of a plaintiff's ERISA denial of benefits claim. *Post*, 501 F.3d at 161. The Court of Appeals explained that "[t]his approach grants the administrator deference in accordance with the level of conflict. Thus, if the level of conflict is slight, most of the administrator's deference remains intact, and the court applies something similar to traditional arbitrary and capricious review; conversely, if the level of conflict is high, then most of its discretion is stripped away." *Id.* (citing *Doe v. Group Hospitalization & Med. Servs.*, 3 F.3d 80, 87 (4th Cir.1993)). As the Court of Appeals discussed in *Post*,

> [t]he premise of the sliding scale approach is that courts should examine benefit denials on their facts to determine whether the administrator abused its discretion. To apply the approach, courts first consider the evidence that the administrator acted from an improper motive and heighten their level of scrutiny appropriately. Second, they review the merits of the decision and the evidence of impropriety together to determine whether the administrator properly exercised the discretion accorded it. If so, its decision stands; if not, the court steps into the shoes of the administrator and rules on the merits itself.
>
> At its best, the sliding scale reduces to making a common-sense decision based on the evidence whether the administrator appropriately exercised its discretion. This theme, rather than getting

4

> bogged down in trying to find the perfect point on the sliding scale, should be district courts' touchstone.

*Id*. at 161-62 (citing *Pinto v. Reliance Standard Life Ins. Co.*, 214 F.3d 377, 391-394 (3d Cir. 2000).

Two types of potential conflicts can be alleged by a plaintiff, a structural conflict or a procedural conflict. "The structural inquiry focuses on the financial incentives created by the way the plan is organized, whereas the procedural inquiry focuses on how the administrator treated the particular claimant." *Post*, 501 F.3d at 162. A structural conflict arises when an entity "both determines whether an employee is eligible for benefits" and also pays benefits under the plan. *Glenn*, 128 S.Ct. at 2346. A procedural conflict involves the examination of "the process by which the administrator came to its decision to determine whether there is evidence of bias." *Post*, 501 F.3d at 165 (citing *Pinto*, 214 F.3d at 393). The Court of Appeals further explicated that:

> [t]his sort of evidence can come in many forms, and a review of the caselaw reveals that we have identified numerous procedural irregularities that can raise suspicion. The following is an illustrative, not exhaustive, list of the irregularities identified: (1) reversal of position without additional medical evidence; (2) self-serving selectivity in the use and interpretation of physicians' reports; (3) disregarding staff recommendations that benefits be awarded, and (4) requesting a medical examination when all of the evidence indicates disability.

*Post*, 501 F.3d at 164-165 (citing *Pinto*, 214 F.3d at 393; *Kosiba*, 384 F.3d at 67).

Shortly after the Court of Appeals' decision in *Post* was issued by the Court of Appeals, the United States Supreme Court issued its decision in *Metropolitan Life Insurance v. Glenn*, --- U.S. ---, 128 S.Ct. 2343, 2348 (2008). In *Glenn*, the Supreme Court revisited its earlier decision in *Firestone Tire & Rubber Co. v. Bruch*, and the appropriate standard of review in an ERISA denial of benefits action in which a conflict of interest exists. *Glenn*, 128 S.Ct. 2347-48. The question

5

before the Supreme Court was "whether the fact that a plan administrator both evaluates claims for benefits and pays benefits claims" creates a conflict of interest under *Firestone* and how this type of conflict "should be taken into account on judicial review of a discretionary benefit determination." *Id*. at 2348, 2350. The Supreme Court found that these circumstances did create a conflict of interest and "that a conflict should 'be weighed as a factor in determining whether there is an abuse of discretion.'" *Id*. at 2350 (quoting *Firestone*, 489 U.S. at 115). In so doing, the Supreme Court held that:

> We do not believe that *Firestone's* statement implies a change in the standard of review, say, from deferential to *de novo* review. Trust law continues to apply a deferential standard of review to the discretionary decisionmaking of a conflicted trustee, while at the same time requiring the reviewing judge to take account of the conflict when determining whether the trustee, substantively or procedurally, has abused his discretion. We see no reason to forsake *Firestone's* reliance upon trust law in this respect.
>
> Nor would we overturn *Firestone* by adopting a rule that in practice could bring about near universal review by judges *de novo-i.e.*, without deference -of the lion's share of ERISA plan claims denials.

*Id*. (internal citations omitted). Despite this discussion, the Supreme Court did not directly address the applicability of the sliding scale of deferential review discussed in *Post* or by other Courts of Appeals.

As of this writing, the United States Court of Appeals for the Third Circuit has not authored a precedential decision analyzing the sliding scale approach outlined in *Post* in light of the Supreme Court's decision in *Glenn*. However, the holding in *Glenn* has been recently discussed in a non-precedential decision by Judge Van Antwerpen of the Court of Appeals. *See Michaels v. The Equitable Life Assur. Society of U.S. Employees, Managers, And Agents Long Term Disability Plan*,

6

--- Fed. Appx. --- , No. 07-4256, 2009 WL 19344 (3rd Cir. Jan. 5, 2009)(non-precedential).

In *Michaels*, Judge Van Antwerpen posited that "under *Glenn*, a plan administrator's conflict of interest would not give rise to a heightened version of the arbitrary and capricious standard of review; instead, that conflict would represent one of several factors that informed the inquiry as to whether the administrator abused its discretion." *Michaels*, 2009 WL 19344, at *5. The potential applicability of *Glenn* to the sliding scale approach was not before Judge Van Antwerpen in reaching this conclusion. The appellant in *Michaels* had unsuccessfully argued for a heightened version of the arbitrary and capricious standard of review to the district court and appealed, in part, on those grounds. *Id*. at *5. However, after the decision in *Glenn* was issued, the appellant abandoned this argument. *Id*. Accordingly, Judge Van Antwerpen was not required to directly resolve the issue presently before this Court.

The decisions of district courts within the Third Circuit that have addressed this issue have reached differing conclusions. In *Wilce v. Proctor & Gamble Disability Ben. Plan*, Civ. A. No. 3:07-CV-0757, 2008 WL 4279522, at *5-7 (M.D.Pa. Sep. 11, 2008), the district court found that "[t]he *Glenn* decision is not at odds with the method of analysis previously endorsed by the Third Circuit Court of Appeals and used by this Court." However, the opposite result was reached by the district court in *Ellis v. Hartford Life And Acc. Ins. Co.*, Civ. A. No. 08-1606, 2009 WL 154301, at *1 (E.D.Pa. Jan. 22, 2009), which stated that the court "shall not apply the heightened standard of review or the sliding scale approach enunciated by the Third Circuit in [*Pinto*] because it is no longer viable in light of the Supreme Court's recent decision in [*Glenn*]."

Several district courts within the Third Circuit have issued decisions which generally discuss the potential applicability of *Glenn* to the sliding scale approach, but each have found that the facts

7

of the matter before them did not necessitate a resolution of the issue. *See Klem v. Procter & Gamble Disability Plan*, No. 3:CV-07-284, 2008 WL 3301327, at * (M.D.Pa. Aug. 7, 2008)(noting the decision in *Glenn*, but finding that defendant was entitled to summary judgment in its favor even if a "slightly heightened standard" was applied); *Dolfi v. Disability Reinsurance Management Services, Inc.*, 584 F.Supp.2d 709, 730 n. 29 (M.D.Pa. Aug. 21, 2008)("Before *Glenn*, courts in the circuit scrutinized a conflicted-administrator's decision under a heightened arbitrary and capricious standard. In [*Pinto*], our Court of Appeals adopted a sliding scale approach to decide to what degree a heightened arbitrary and capricious standard applies when a conflict of interest is present ... [w]hether this approach survives *Glenn* need not be resolved by this Court, since, ... [the plaintiff] has not shown a conflict of interest."); *Post v. Hartford Ins. Co.*, Civ. A. No. 04-3230, 2008 WL 4444240, at *9-10 (E.D.Pa. Oct. 2, 2008)(on remand, the district court generally discussed the Third Circuit's sliding scale standard of review and the application of *Glenn* to the same, but found that the issue did not need to be resolved based on the facts of the case); *Elms v. Prudential Ins. Co. of America*, Civ. A. No. 06-5127, 2008 WL 4444269, at *8 n. 13 (E.D.Pa. Oct. 2, 2008)(acknowledging that "the Supreme Court's decision in [*Glenn*] may alter the Third Circuit's sliding scale approach" but finding that "[a]lthough some of the language in the Third Circuit's sliding scale cases discusses heightening of the standard of review, the sliding scale is merely a tool the Third Circuit has employed to help district courts identify and weigh conflicts of interest, which is consistent with the Supreme Court's advice in *Glenn*"); *Thomas v. Kimberly-Clark Corp.*, Civ. A. No. 07-2899, 2008 WL 4877762, at *4-5 (E.D.Pa. Nov. 20, 2008)(discussing *Glenn* generally without resolving the issue of whether a heightened standard continues to exist because the plaintiff did not demonstrate that a conflict of interest was present); *Doe v. Hartford Life and Accident Ins. Co.*, 2008 WL

5400984 at *5 (D.N.J. Dec. 23, 2008)(discussing that the "Third Circuit has yet to rule on whether *Glenn* is consistent with its sliding scale heightened review approach" but finding that it need not resolve the issue as there was a lack of evidence of significant conflict or bias to support the claimed conflict).

Finally, several other district courts within the Third Circuit that have issued decisions after *Glenn* have discussed the applicability of the sliding scale approach without addressing *Glenn*'s applicability to the same. *See Mainieri v. Board of Trustees of Operating Engineer's Local 825 Pension Fund*, 2008 WL 4224924, at *2-3 (D.N.J. Sep. 10, 2008)(discussing the heightened arbitrary and capricious standard under *Post* and *Pinto* without addressing *Glenn*; the district court the denied the plaintiff's motion to compel discovery because the discovery sought by plaintiff was related only to the merits of the administrator's decision); *Donachy v. Motion Control Industries*, Civ. A. No. 07-68, 2008 WL 3914867, at *4-5 (W.D.Pa. Aug. 20, 2008)(finding that the application of the heightened arbitrary and capricious standard under *Post* was not warranted based on the facts of the case without addressing *Glenn*); *Young v. American Intern. Life Assur. Co. Of New York*, Civ. A. No. 07-626, 2008 WL 4155082, at *3-6, (W.D.Pa. Sept. 9, 2008)(applying a "moderately heightened arbitrary and capricious standard of review" under *Post*, but not addressing the impact, if any, of *Glenn*).

Accordingly, the post-*Glenn* decisions surveyed by this Court offer little guidance as to the appropriateness of the application of the sliding scale approach and potentially a heightened arbitrary and capricious standard to the instant action. The Court therefore turns to the circumstances present in this case.

In the instant matter, Defendant admits that a structural conflict exists. (*See* Docket No. 22

9

at 3 ("LINA acknowledges that under the pertinent plan and Policy it both evaluated claims and paid benefits, which is a potential structural conflict requiring some heightened standard of review.")). Additionally, in this Court's estimation, the failure of Defendant to issue a decision on Plaintiff's appeal could be considered a procedural irregularity. Given the parties' contentions and the current stage of these proceedings, as well as the unresolved state of the law, the Court finds that it would be premature to resolve the parties' dispute as to the standard of review at this time.

    2.    *Scope of Discovery in an ERISA Action*

Generally, the Court of Appeals has directed that "the record for arbitrary-and-capricious review of ERISA benefits denial is the record made before the plan administrator, and cannot be supplemented during litigation" but "when a court is deciding what standard of review to employ ... it may consider evidence of potential biases and conflicts of interest that is not found in the administrator's record." *Kosiba v. Merck & Co.*, 384 F.3d 58, 67 (3d Cir. 2004)(citing *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 440 (3d Cir.1997)); *Post v. Hartford Ins. Co.*, 501 F.3d 154, 168 (3d Cir. 2007). Moreover, if *de novo* review is the appropriate standard, additional discovery is not necessary "[i]f the record on review is sufficiently developed." *Luby*, 944 F.2d at 1185.

Defendant argues that *Glenn* precludes Plaintiff from engaging in any discovery outside of the administrative record in this case. However, the issue before the Supreme Court in *Glenn* involved only a structural conflict. *See Glenn*, 128 S.Ct. at 2346 ("Often the entity that administers the plan, such as an employer or an insurance company, both determines whether an employee is eligible for benefits and pays benefits out of its own pocket. We here decide that this dual role creates a conflict of interest; that a reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits; and that

the significance of the factor will depend upon the circumstances of the particular case."). In addition, the cases cited by Defendant for the proposition that courts have generally followed *Glenn* and denied discovery requests involved only allegations of structural conflicts. *See Weeks v. Unum Group*, No. 2:07-CV-00577DAK, 2008 WL 4329223, at *1 n. 1 (D. Utah Sept. 15, 2008)(finding that discovery was not warranted under *Glenn* in support of the plaintiff's claims that a conflict of interest existed because of the defendant's "dual role as payor and claims administrator."); *Christie v. MBNA Group Long Term Disability Plan*, 2008 WL 4427192 (D. Me. Sept. 25, 2008)(denying plaintiff's motion for discovery related to an alleged structural conflict including the discovery of the defendant's internal incentive programs and internal structures in place to "'wall off' claims handlers from persons 'interested in the finances of the company.'").

With respect to the alleged procedural conflict, Plaintiff seeks discovery of certain of the information sought in her interrogatories and requests for documents in order to determine why a decision on her appeal has not been rendered by Defendant in an effort to show bias through failure to follow its internal procedures and an entitlement to *a de novo* review of her case. *See Gritzer v. CBS, Inc.*, 275 F.3d 291, 296 (3d Cir. 2002). Plaintiff alleges in her Complaint that LINA has failed to render a decision on her final appeal of the denial of her benefits. (Docket No. 1 at ¶ 23). Defendant denies this allegation as a legal conclusion both in its Answer to Plaintiff's Complaint and Response to the Motion to Compel. (Docket Nos. 5 at ¶ 23, 20 at ¶¶ 5, 18). Significantly, Defendant does not offer any reason for it not rendering a decision in Plaintiff's case. Defendant instead characterizes this situation as "an ongoing delay in deciding Plaintiff's optional second appeal." (Docket No. 22 at 4). Absent any explanation from Defendant, the Court sees no impediment to permitting Plaintiff to discover information related to her claim that failure to render a decision in

this case was in bad faith, given Plaintiff's averments that "the administrative record provides no explanation why LINA never decided [Plaintiff's] final appeal." (Docket No. 19 at ¶ 18).

Accordingly, given that a structural conflict exists, a procedural conflict has been alleged by Plaintiff in good faith and the applicable standard of review in this action is reasonably in dispute, Plaintiff is entitled to some limited discovery in support of her claims. The Court now turns to her requests.

### 3. *Plaintiff's Discovery Requests*

#### a. Plaintiff's Interrogatory 4 and Request for Production 6

In Interrogatory 4, Plaintiff requests that Defendant "[i]dentify each document, *including* but not limited to any claims manual, that describes the procedure to be followed by your employees from 2005 to the present in making a determination concerning whether benefits should be paid under the Plan." (Docket No. 19-2 at 5). Additionally, Plaintiff's Request for Production 6 seeks production of "[a]ll documents which refer to or relate to Defendant's guidelines, standards, policies for review, payment, rejection and/or termination of benefits under the Plan from 2005 to the present time, including financial or compensation incentives offered to those in a position to decide the merits of a claim for disability benefits." (*Id*. at 12).

In support of her position, "Plaintiff respectfully requests that Defendant produce any written procedures followed by its employees and by its medical reviewers in determining claims because such evidence is relevant to procedural anomalies and LINA's conflict of interest." (Docket No. 19 at 4). Defendant generally objects to these requests as outside the scope of discovery in an ERISA case. (Docket No. 22 at 6-7).

Upon consideration of the parties' respective positions, the Court finds that the information

and documents sought by Plaintiff are relevant to her claim of a procedural conflict. Accordingly, Plaintiff's motion to compel to the extent that it seeks to compel Defendant to respond to Interrogatory 4 and Request for Production 6 is granted.

                b.        <u>Plaintiff's Interrogatories 10-12 and Request for Production 7</u>

These discovery requests generally seek disclosures related to the procedures employed in the evaluation of Plaintiff's claim. Specifically, Interrogatory 10 requests the identity of agreements, communications and/or other documents related to MES solutions and other doctors including Dr. Mark R. Burns who were involved in the review of Plaintiff's claim. (Docket No. 19-2 at 7). Likewise, Interrogatory 11 requests disclosure of the same related to Dr. Charles McCool. (*Id*. at 8). Finally, Interrogatory 12 seeks disclosure of a medical director referenced in a December 5, 2006 letter and documents related to a review by that director. (*Id*.). In addition, Plaintiff's Request for Production 7 requests "[a]ll documents which refer to or relate in any way to any review by any medical professional employed or otherwise retained by Defendant regarding Plaintiff's claim for benefits under the Plan, including any report by Dr. Charles McCool and Dr. Mark R. Burns." (*Id*. at 12). In response to these interrogatory questions/request for document production, Defendant referred to its general objection that discovery outside the scope of the administrative claim file was not warranted. However, in response to the pending motion to compel, Defendant maintains that the responses it submitted were adequate, offering further answers to the requests and identifying certain documents within the claim file that contained the information sought by Plaintiff. (Docket No. 22 at 4-5).

Upon consideration of the parties' submissions, the Court finds that these requests could reasonably lead to discoverable evidence in light of Plaintiff's claim of a procedural conflict with

Defendant and the existence of a dispute over the applicable standard of review. In addition, Defendant's further answers by way of its response to the motion to compel demonstrate a willingness to amend or supplement its initial answers. Accordingly, Plaintiff's motion to compel answers to interrogatories 10, 11 and 12 and request for production 7 is granted.

      c.      Plaintiff's Interrogatory 5

Plaintiff's Interrogatory 5 asks Defendant to "identify each and every document that sets forth the material duties [of] any occupation for which Plaintiff may reasonably become qualified based on education, training or experience, and that was considered by you in making your benefits determinations under the Plan." (Docket No. 19-2 at 6). Defendant's response to this interrogatory generally refers to the administrative record as a whole, relying on Rule 33(d) of the Federal Rules of Civil Procedure. (Docket No. 21 at ¶ 13).

The parties offer differing interpretations of Rule 33(d) in support of their positions, to which the Court now turns. Rule 33(d) provides that:

> (d) Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> > (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> > (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

FED.R.CIV.P. 33(d). The Application Notes to Rule 33 explain that it is "an abuse" of Rule 33(d)

for a party to respond to an interrogatory "by directing the interrogating party to a mass of business records or by offering to make all of their records available." FED.R.CIV.P. 33, Application Notes, 1980 Amendments. Further, the "responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived." FED.R.CIV.P. 33, Application Notes, 1980 Amendments. *See generally*, 8A WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE & PROCEDURE CIVIL.2d § 2178 (2008).

Defendant's response, in which it refers to Rule 33(d) but makes no attempt to establish that its "burden of deriving or ascertaining the answer is substantially the same" for it as for Plaintiff, is inadequate under Rule 33. FED.R.CIV.P. 33(d). Likewise Defendant's brief in opposition does not attempt to establish the same. Moreover, given that the only discovery that was produced by Defendant in this matter was the cited administrative claim file, Defendant's answer to interrogatory 5 is wholly unresponsive. Accordingly, Plaintiff's motion to compel more specific answers to interrogatory 5 is granted. Defendant shall identify by Bates number any document that sets forth the material duties of Plaintiff's regular occupation and that was considered by Defendant in making its benefits determinations under the Plan, in response to Interrogatory 5.

    d.  <u>Plaintiff's Interrogatory 14</u>

Plaintiff's interrogatory 14 requests the identity of "all persons who participated in providing answers to the foregoing Interrogatories, including counsel." (Docket No. 19-2). Defendant responds that its responses "were drafted by counsel with input from various representatives of LINA." (*Id.*). In its brief in opposition, Defendant indicates that the interrogatory answers were verified by Rick Lodi, Senior Operations Representative from LINA. Defendant also casually asserts that communications between counsel and their clients were privileged, offering no authority in

support of this contention.

Considering this response, Defendant has set forth a partial answer. However, in this Court's estimation, the identity of the company representatives is not privileged information. To the extent that the attorney-client privilege may be applicable, such privilege potentially applies only to communications between counsel and client and not the identities of the client's representatives. *See In re Grand Jury Investigation*, 631 F.2d 17, 19 (3d Cir. 1980)("in the absence of unusual circumstances the [attorney-client] privilege does not shield the fact of retention, the identity of clients, and fee arrangements."). Therefore, Defendant has not set forth a complete answer to the requested discovery. Accordingly, Plaintiff's motion to compel Defendant's answer to Interrogatory 14 is granted. Defendant shall identify the company representatives that provided input into the answers and objections to the interrogatories as requested by Plaintiff.

III. CONCLUSION

Based on the foregoing, Plaintiff's Motion [19] is GRANTED. Defendant shall file amended answers or supplemental answers to Plaintiff's Interrogatories and responses to Requests for Admissions in accordance with this Memorandum Order by February 17, 2009.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: February 4, 2009

cc/ecf: All counsel of record.